# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES W. WADE, | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:17-2327 |
| v. | : |
| | : (Judge Mannion) |
| WARDEN BALTAZAR, | : |
| Respondent | : |

# **MEMORANDUM**

Petitioner, Charles W. Wade, an inmate confined in the Gilmer Federal Correctional Institution, Glenville, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Wade challenges a determination by the Bureau of Prisons ("BOP") that due to Wade's criminal judgment for Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c), he would be precluded from receiving early release under 18 U.S.C. §3621(e), despite Wade's completion of the Residential Drug Abuse Treatment Program (RDAP). Id. Wade claims that he is "factually and actually innocent" of the §924(c) offense, and that the government never proved he possessed a firearm while trafficking drugs. Id. Thus, he seeks a one year sentence reduction for having "already completed RDAP." Id.

For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

I.  **Background**

On August 22, 2011, after entering a plea of guilty, Wade was sentenced in the United States District Court for the District of Maryland to an eighty-four (84) month term of imprisonment for Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §841(a)(1), and a sixty (60) month consecutive term of imprisonment for Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c). (Doc. 9-1 at 8, Judgment in a Criminal Case).

On August 16, 2012, Wade filed a Motion to Vacate under 28 U.S.C. §2255. See Wade v. United States, No. DKC 12-CV-2442 (U.S.D.C. Maryland).

By Memorandum and Order dated June 19, 2013, Petitioner's 2255 motion was denied. Id. On July 30, 2013, Wade filed an appeal to the Fourth Circuit. Id. By Judgment dated January 10, 2014, the Fourth Circuit affirmed the District Court's denial of Wade's 2255 motion. Id.

On December 16, 2015, Wade filed a Consent Motion for Reduced

Sentence Under 18 U.S.C. §3582(c)(2). Id.

By Order dated January 8, 2016, Petitioner's motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2) was granted and Petitioner's sentence was reduced from 144 months (84 + 60) to 130 months (70 + 60). (Doc. 9-1 at 15, Order).

Under Section 3621 of Title 18 of the United States Code, Congress provided that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. §3621(b). In 1994, as part of the Violent Crime Control and Law Enforcement Act ("VCCLEA"), Pub. L. 103-322, §32001 (1994). Congress amended the statute to require that the BOP shall provide residential substance abuse treatment for all eligible prisoners. See 18 U.S.C. § 3621(e)(I)(C). The incentive for prisoners to enroll in the BOP's intensive nine-month residential treatment program-as opposed to its various nonresidential treatment options-is a possible reduction in sentence of up to one year. See 18 U.S.C. §3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term

3

the prisoner must otherwise serve.").

The BOP offers the Residential Drug Abuse Treatment Program ("RDAP") for inmates who volunteer for treatment and who have been determined by clinical psychology staff to have a diagnosable and verifiable substance use disorder. In order to successfully complete the RDAP, inmates must complete a unit-based component (minimum 500 hours), follow-up services, and a transitional drug abuse treatment component (TDAT).[1]

If an inmate successfully completes the RDAP, the BOP may reduce the period an inmate convicted of a nonviolent offense remains in custody, but such reduction may not be more than one year from the term the inmate must otherwise serve. 18 U.S.C. §3621(e)(2)(B).

In accordance with BOP Program Statement ("PS") 5331.02, Early Release Procedures Under 18 USC §3621(e), section 7.b., a federal prison's Drug Abuse Program Coordinator ("DAPC") requests an offense review from the DSCC Legal Department after he or she determines that the inmate qualifies for participation in the RDAP and is not otherwise ineligible for early

---

[1] Although BOP Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. §3621(e), refers to the TDAT, the controlling federal regulation has replaced references to the TDAT with "Community Treatment Services" ("CTS").

4

release as a result of one of the conditions identified in PS 5331.02, section 7.a. The DSCC Legal Department then completes the offense review in accordance with applicable federal regulations and the applicable version of PS 5162.05, Categorization of Offenses. (See Doc. 9-1 at 18 - 48, Early Release Procedures and Categorization of Offenses). As part of the offense review, the DSCC Legal Department determines whether an inmate is precluded from receiving early release after reviewing the inmate's DSCC-maintained electronic sentence computation file, which includes the Judgment and Commitment Order ("J&C"), Statement of Reasons ("SOR"), Pre-Sentence Investigation Report ("PSR"), and any other relevant sentencing documentation. Id. The final decision regarding 18 U.S.C. § 3621(e) eligibility is then transmitted back to the requesting DAPC. Id.

In evaluating whether an inmate is eligible for 18 U.S.C. §3621(e) early release consideration, the DSCC Legal Department engages in a two-step analysis. The first step of the analysis involves determining whether any of an inmate's current offenses of conviction precludes early release; the second step involves evaluating whether any prior offenses preclude early release.

For the first step, the DSCC Legal Department decides whether any of an inmate's current offenses of conviction satisfies the criteria outlined both

5

in the most recent version of the applicable regulation, 28 C.F.R. §550.55(b), and related program statements, PS 5331.02 and PS 5162.05. Specifically, if a current offense satisfies the criteria in 28 C.F.R. §550.55(b)(5) and/or 28 C.F.R. §550.55(b)(6),[2] and is listed in one of the sections of PS 5162.05, then that current offense precludes.

For the second step in the analysis, the DSCC Legal Department reviews all of an inmate's prior adult felony and misdemeanor convictions that occurred within ten years prior[3] to the date of sentencing for the inmate's current federal offense of conviction in order to determine whether any conviction constitutes one of the enumerated offenses listed in 28 C.F.R. §550.55(b)(4), and/or whether a conviction falls under 28 C.F.R. §550.55(b)(6) for constituting "an attempt, conspiracy, or solicitation to commit" any offense listed in 28 C.F.R. §550.55(b)(4). Moreover, because

---

[2] If the review occurred after May 25, 2016, then the inquiry under 28 C.F.R. §550.55(b)(6) is whether an inmate has been convicted of "an attempt, conspiracy, or solicitation to commit an underlying offense" in 28 C.F.R. §550.55(b)(5). However, if the review occurred between March 16, 2009 and May 25, 2016, then the inquiry under 28 C.F.R. §550.55(b)(6) is whether the inmate has been convicted of "an attempt, conspiracy, or other offense which involved an underlying offense" listed in 28 C.F.R. §550.55(b)(5).

[3] If the review occurred between March 16, 2009 and May 25, 2016, then there is no restriction on the period of time prior to an inmate's date of sentencing for his current federal offense of conviction.

6

prior offenses are not listed in PS 5162.05 as is the case for precluding current offenses, the DSCC Legal Department must further analyze whether a specific conviction under the laws of a particular state rises to the level of one of the enumerated offenses listed in 28 C.F.R. §550.55(b)(4) or one that constitutes "an attempt, conspiracy, or solicitation to commit any offense listed in 28 C.F.R. §550.55(b)(4)."[4] To assist in that analysis and in order to ensure uniformity in the process by which different state offenses are considered to satisfy the prior offense portion of 28 C.F.R. §550.55(b), the BOP uses the Federal Bureau of Investigation's Uniform Crime Reporting ("UCR") Program's database definitions.

On September 21, 2016, Petitioner's required offense review was conducted and it was found that he was precluded from receiving §3621(e) early release due to his current offense conviction Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c), in Case Number DKC-8-10-CR-00574-001. (Doc. 9-1 at 50, Request for §3621(e) Offense Review). The BOP looks to 28 C.F.R. §550.55(b) to determine

---

[4] However, if the review occurred between March 16, 2009 and May 25, 2016, then the inquiry under 28 C.F.R. §550.55(b)(6) is whether the inmate has been convicted of "an attempt, conspiracy, or other offense which involved an underlying offense" listed in to 28 C.F.R. §550.55(b)(4).

7

whether an inmate's current offense conviction precludes him from early release eligibility. The Petitioner's current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" and 'by its nature or conduct, presents a serious potential risk of physical force against the person or property of another"; therefore Petitioner was precluded from receiving early release pursuant to 28 C.F.R. §550.55(b)(5)(ii), as well as 28 C.F.R. §550.55(b)(5)(iii).

In addition to reviewing Petitioner's current offense convictions, a review was conducted of his prior offense convictions, and it was determined that his prior adult felony and misdemeanor convictions did not rise to the level of the enumerated offenses listed in 28 C.F.R. §550.55(b)(4) nor did they constitute "an attempt, conspiracy, or solicitation to commit any offense listed in 28 C.F.R. §550.55(b)(4)." Id. Therefore, only Petitioner's current offense conviction precluded him from early release.

## II. DISCUSSION

Wade challenges the decision of prison officials to deny him early release after having successfully completed the prison Residential Drug Abuse Program. As noted, his claim arises in the context of a prison program

8

designed to aid inmates with severe drug abuse problems. As part of this statutory scheme, 18 U.S.C. §3621 directs the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. §3621(b). Under 18 U.S.C. §3621, eligible prisoners are able to participate in substance abuse programming and treatment available while incarcerated in federal institutions. 18 U.S.C. §3621(b)(5), (e). As "an incentive ... to draw into treatment many inmates who may otherwise not be willing to undergo a difficult and painful treatment program," Congress allowed for a potential one-year sentence reduction upon successful completion of the RDAP, at the discretion of prison officials 18 U.S.C. §3621(e)(2)(A), (B). The incentive provision in § 3621 states as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ***may*** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B) (emphasis added).

However, enrollment in this program, and receipt of these benefits, is something consigned to the sound discretion of the Bureau of Prisons. Inmates, like Wade, simply do not have a protected liberty interest in early

9

release under 18 U.S.C. §3621(e). See Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); see also Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005) (holding courts lack habeas corpus jurisdiction under 28 U.S.C. §2241 to order the transfer of an inmate to a facility offering an RDAP, and emphasizing that the discretionary nature of the sentence reduction available under 18 U.S.C. §3621(e)). Thus, 18 U.S.C. §3621(e)(2)(B) confers upon the BOP discretion to reduce an inmate's sentence, but it does not mandate such a reduction, and consequently Wade does not have a fundamental right to receive a sentence reduction upon his successful completion of the program. See Lopez, supra, (upholding BOP regulation that categorically excludes from early release consideration those RDAP participants who had possessed a firearm in connection with a nonviolent offense because statute limits such consideration to "prisoner[s] convicted of ... nonviolent offense[s]"). Instead, it has been consistently held that in the absence of a showing that the Bureau of Prisons' decision was "arbitrary, capricious, or an abuse of discretion", Wells v. Rivera, No. 06–137, 2007 WL 4219002, *8 (N.D.Fla. Nov. 28, 2007), or "[a]bsent an allegation that

the BOP violated established federal law, the United States Constitution, or exceeded its statutory authority in making the determination that Petitioner was ineligible for RDAP, the Court does not have jurisdiction to review Petitioner's claim." Johnston v. Thomas, 2010 WL 2574090, *6 (D.Or. June 24, 2010).

Wade has made no such showing here, nor can he. Quite the contrary, the evidence reveals that the decision to deny Wade early release was a discretionary one based upon valid and facially neutral factors, factors which indicated that Wade was not eligible for early release.

Specifically, the BOP looks to PS 5162.05 to determine whether an inmate's current offense of conviction precludes him from early release eligibility. Convictions under 18 U.S.C. §924(c) are addressed in section 3.a. of the PS 5162.05, which precludes an inmate from early release eligibility as the offense is categorized as a crime of violence. A review of the Petitioner's Judgment in a Criminal Case found that he was convicted of 18 U.S.C. §924(c), therefore Petitioner is precluded from receiving early release pursuant to section 3.a. of PS 5162.05.

The BOP has provided rationale for precluding firearm offenders' early release because of the increased risk such offenders might pose to the public.

In the Federal Register notice effective March 16, 2009, the BOP stated:

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in §550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis [,531 U.S. 230 (2001)], "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

74 Fed. Reg. 1892-01, 1895 (Jan. 14, 2009). Since this decision is not "arbitrary, capricious, or an abuse of discretion", Wells v. Rivera, No. 06–137, 2007 WL 4219002, *8 (N.D.Fla. Nov. 28, 2007), and did not "violate[ ] established federal law, the United States Constitution, or exceed[ ] [the Bureau of Prisons'] statutory authority in making the determination that Petitioner was ineligible for early release, the Court does not have jurisdiction to review Petitioner's claim." Johnston v. Thomas, 2010 WL 2574090, 6 (D.Or. June 24, 2010). Therefore, this claim should also be denied.

Finally, to the extent that Petitioner is challenging his underlying guilty plea and sentence, his challenge will be dismissed for lack of jurisdiction.

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. §2255.

Further, such claims may not be raised in a §2241 petition except in unusual situations where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; see Dorsainvil, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of

13

limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Application of Galante, 437 F.2d at 1165.

Wade states in his habeas petition that he is "factually and actually innocent" of the §924(c) offense, and that the government never proved he possessed a firearm while trafficking drugs. (Doc. 1). Yet Wade pled guilty to his 924(c) offense. (See Doc. 9-1 at 8, Judgment in a Criminal Case). Wade's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he was unable to present his claims via a §2255 proceeding. As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a §2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the

criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Petitioner's claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. App'x 55, 57 (3d Cir. April 2009) As considered in Cradle, the fact that Petitioner's §2255 action was denied does not warrant a determination that §2255 is inadequate or ineffective to test the legality of Petitioner's guilty plea.

Because there is no basis for a determination that the remedy under §2255 is "inadequate or ineffective" to test the legality of Wade's sentence, his §2241 petition will be dismissed for lack of jurisdiction. Wade does not state that he has requested permission from the United States District Court of Appeals for the Fourth Circuit for leave to file a successive petition. Thus, there remains that possibility that Wade would be granted permission by the Court of Appeals to file a successive §2255 motion, if appropriate. Accordingly, the Court will dismiss Wade's petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice to any right Petitioner may have to

seek leave to file a second or successive §2255 motion.

## III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner will be **DISMISSED** for lack of jurisdiction. An appropriate order follows.

                                         s/ *Malachy E. Mannion*
                                         **MALACHY E. MANNION**
                                         **United States District Judge**

**Dated: September 12, 2019**
17-2327-01